Filed 04/08/26

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-04832

| Rachael Young v. Haviland Property Management, LLC et al |
| --- |

## ENTRY REGARDING MOTION

Title:  Motion to Dismiss; Motion to Dismiss; Motion; Motion to Amend Complaint Plaintiff's Complaint; Counts One, Two and Three of Plaintiff's Complaint; for Joinder; (Motion: 2; 3; 5; 6)
Filer:  Stephen D. Ellis; Erin Miller Heins, Esq.; David E. Bond; David E. Bond
Filed Date:  January 07, 2026; January 09, 2026; March 01, 2026; March 01, 2026

The motion is GRANTED IN PART and DENIED IN PART.

Plaintiff Rachael Young alleges in her complaint that Defendant Haviland Property Management, LLC purchased a dilapidated house in Barre in 2022, partially renovated it, and sold it to her in 2023. Defendant Green Light Real Estate, LLC represented Haviland in the sale.[1] Ms. Young alleges that Haviland and Green Light misrepresented the extent and quality of renovations, failed to comply with federal lead paint disclosure requirements, and that as a result, she unwittingly was misled into purchasing a house that is "uninhabitable."

Ms. Young asserts the first two counts of the complaint against both Haviland and Green Light as (1) a failure to comply with federal lead paint disclosure requirements in violation of 42 U.S.C. § 4852d; and (2) a violation of the Vermont Consumer Protection Act (CPA), 9 V.S.A. §§ 2451–2466c, based on allegedly false descriptions of the renovations. The remaining counts are asserted against Haviland alone: (3) fraudulent nondisclosure of lead contamination; (4) fraudulent misrepresentation as to the extent and quality of renovations; (5) breach of contract (or warranty) for selling an uninhabitable house; and (6) negligence as to the renovations that were undertaken (including as to lead paint).

Haviland and Green Light have each filed a motion to dismiss. Both argue that Ms. Young's mother (a co-purchaser of the property but not a party to the case) is needed for the just adjudication of this case under Rule 19. Rather than seeking her joinder, however, they seek

---

[1] Ms. Young's minor son is plaintiff as well. Unless context requires otherwise, the court refers to Plaintiffs collectively as Ms. Young.

dismissal under Rule 12(b)(7) (failure to join a party under Rule 19). See V.R.C.P. 19(c) (dismissal is only a *potential* outcome when an indispensable party cannot be joined). Both also argue that Count 1 should be dismissed for failure to state a claim because the complaint and its attachments demonstrate compliance with federal lead paint disclosure requirements.

Green Light separately argues that Ms. Young's son is not a proper party to either Count 1 or Count 2 (the CPA claim). Haviland separately argues that the CPA claim should be dismissed because it was not pleaded with particularity, and Count 3 should be dismissed for the same reasons that it seeks dismissal of Count 1, which is the contention that any required lead paint disclosures were made.

In response, Ms. Young filed a motion to amend and, separately, a motion for joinder. Ms. Young intends by these motions to bring her mother, Judith Blakely, into the suit voluntarily as a plaintiff (to be represented by current Plaintiffs' counsel). Ms. Blakely is proposed to join her daughter's assertion of Count 5 (breach of contract) but to assert no personal interest in any of the other claims. Otherwise, Ms. Young opposes both Defendants' motions.

1. *Joinder and Amendment*

Haviland does not oppose bringing in Ms. Blakely as a plaintiff. See V.R.C.P. 19(a) ("If the person [who is needed for the just adjudication of the case] has not been so joined, the court shall order that the person be made a party."). Nominally, Green Light does not oppose adding Ms. Blakely as a plaintiff. It argues, however, that doing so is futile to the extent that relevant claims should be dismissed regardless. Ms. Blakely is proposed to assert Count 5 only. Count 5 is neither asserted against Green Light nor subject to either dismissal motion. Ms. Young's motions to join and amend are, therefore, granted.[2]

2. *Count 1: Compliance with 42 U.S.C. § 4852d*

Ms. Young alleges that the house was subject to the various requirements of 42 U.S.C. § 4852d (disclosure of information concerning lead upon transfer of residential property), and that "Defendants knowingly violated the Act by knowingly failing to provide Ms. Young with the disclosures required under the Act." Complaint ¶ 27; see also 42 U.S.C. § 4852d(b)(3) (civil liability requires a knowing violation).

---

[2] The proposed amendment does not change the nature of the claims and thus has no impact on Defendants' pending motions to dismiss.

There appear to be two components to this claim: (a) that both Haviland and Green Light failed to deliver certain "form" disclosures to Ms. Young personally; and (b) that Haviland failed to disclose its actual knowledge of lead contamination. As set forth below, the court agrees with Defendants that Claim 1(a) must be dismissed. Claim 1(b), as to Haviland, survives the dismissal standard, however.

*Claim 1(a)—Whether Required Forms Were Provided*

Ms. Young alleges that she was in the market to buy a home for herself and her son. She decided to buy the house at issue here but did not qualify for financing. So, her mother applied for a mortgage loan with her. Ms. Young and her mother's offer to purchase was presented to Haviland through their buyer's agent, Heney Realtors–Element Real Estate. Originally, they chose to describe the buyer in the proposed purchase and sale agreement (P&S) as Ms. Blakely alone, with no mention of Ms. Young. Paragraph 8 of the P&S is filled out accurately to indicate that the house is pre-1978 residential real estate that is subject to lead-based paint regulations, and that the parties executed a "Lead-Based Paint Addendum with required disclosures, which shall become part of this Contract," and that the addendum and disclosures are attached to the P&S. In the addendum, Ms. Blakely (the only purported buyer) acknowledged receipt of the disclosures and expressly waived any "lead-based paint inspection or risk assessment." Ms. Blakely and Haviland executed the P&S and addendum in early July 2023.

In early August 2023, Haviland and Ms. Blakely executed another addendum to the P&S. This one added Ms. Young as a purchaser: "It is understood that the purchasers will be Rachel Young and Judith Blakely." The Addendum further provides: "This Addendum constitutes a part of the above-referenced Contract. All terms and conditions as forth in the Contract shall remain as set forth in the Contract, except as may be modified by this or any other addendum to the Contract."

Ms. Young's claim (this part of Count 1) is not that there was any shortcoming with Defendants' disclosures, as required by 42 U.S.C. § 4852d, but that they failed to redisclose everything a second time to her personally once she became a *disclosed* co-purchaser in early August (even though, by her description, she was an intended purchaser all along).

3

Nothing in the language of the federal Act or any reported cases implies that this is a potentially viable claim. The Act provides that its disclosure requirements "shall be completed before the purchaser or lessee is obligated under any contract to purchase or lease." 40 C.F.R. § 745.107(a). Otherwise, nothing in the Act indicates any intent to wholly supplant ordinary contract law principles in underlying transactions. See, e.g., 42 U.S.C.A. § 4852d(c) ("Nothing in this section shall affect the validity or enforceability of any sale or contract for the purchase and sale or lease of any interest in residential real property or any loan, loan agreement, mortgage, or lien made or arising in connection with a mortgage loan, nor shall anything in this section create a defect in title.").

The language of 40 C.F.R. § 745.107(a), which makes the purchaser's "obligation" under the contract subject to prior satisfaction of the disclosure requirements, strongly suggests that once the parties (Haviland and Ms. Blakely in this case) execute the contract, and the federal disclosure requirements have been satisfied, the purchaser then becomes "obligated," and there is nothing left for Defendants to do as far as federal disclosure requirements go. The court sees nothing in the statute or related regulations that would require a seller to keep making the same disclosures over and over in the circumstances of a case such as this where the buyer brought additional partners to the purchase. Certainly, there is no case law to that effect under Vermont contract law.

Moreover, the P&S ¶ 28 expressly provides:

**Any notice required to be sent to Purchaser shall be effective if sent to:**
  • A real estate broker representing Purchaser (**Buyer's Agency/Agent**) below; or
  • A Vermont attorney representing Purchaser in the transaction; or
  • Purchaser at the address(es) set forth on Page 1 of this Contract.

The purchaser at page 1 is Ms. Blakely (even after Ms. Young became a co-purchaser), and the purchaser's address is Ms. Blakely's e-mail address.[3] Ms. Young expressly agreed to these terms by executing the Addendum by which she became a co-purchaser. If she was subjectively unaware of the federally required disclosures that Defendants in fact provided as contemplated

---

[3] Evidently, at some point, perhaps at the closing, someone hand-wrote "Rachael Young" under Ms. Blakely's name in the box on page 1 of the P&S indicating the "Purchaser's Full Name." No address for Ms. Young was written in the designated area. Ms. Young does not argue that this makes her an intended notice-recipient for purposes of ¶ 28, nor does anything in the executed contract indicate that Haviland assented to any such a modification.

4

both by federal requirements and the P&S, and as expressly referred to the in P&S, it is not because of anything Defendants did wrong.

Even if there were some way in which the federal statute was violated in these circumstances, the court sees no way in which any such violation might reasonably be construed to have been done in a knowing or intentional manner.

For these reasons, Green Light and Haviland's motion is **Granted in part**, and Ms. Young's Count 1(a) is dismissed against both Defendants for failure to state a claim.

*Claim 1(b)—Nondisclosure of Lead Contamination*

Apart from simply providing the buyer with certain forms, federal law also requires the seller to disclose known lead contamination. See 42 U.S.C. § 4852d(a)(1)(B) (requiring the seller to "disclose to the purchaser or lessee the presence of any known lead-based paint, or any known lead-based paint hazards"); 40 C.F.R. § 745.107(a)(2) ("The seller or lessor shall disclose to the purchaser or lessee the presence of any known lead-based paint and/or lead-based paint hazards in the target housing being sold or leased.").

There is no allegation that Green Light knew or should have known of any specific lead contamination in the property that it did not disclose. However, Ms. Young's complaint alleges that Haviland knew that the house was contaminated with lead and never disclosed it, which would reasonably have followed from Haviland's renovation and repair work on the property. This allegation and factual basis is sufficient for Rule 12(b)(6) purposes.

Therefore, Green Light's motion to dismiss Plaintiff's 1(b) claims are **Granted**. Haviland's reciprocal motion to dismiss this count is **Denied.** Count 1 is dismissed entirely against Green Light, but it remains against Haviland.

3.     *Ms. Young's Son as a Plaintiff vis-à-vis the CPA Claim (Count 2)*

Green Light argues that Ms. Young's minor son cannot be a plaintiff for purposes of the CPA claim against it (as opposed to Haviland) because he was neither a consumer under the CPA (insofar as he is not alleged to have purchased anything) nor is he alleged to have been harmed by Green Light at all. Ms. Young's only response to this argument is to point to the holding in *Elkins v. Microsoft Corp.*, 174 Vt. 328 (2002), to the effect that a consumer under the CPA need not have privity with the seller. See *id*. at 332–33 (recognizing that the CPA applies to indirect purchasers as well as direct purchasers). A consumer under the CPA "means any person who purchases, leases, contracts for, or otherwise agrees to pay consideration . . . ." 9

5

V.S.A. § 2451a(1). As far as *Elkins* goes, an indirect purchaser may not have privity with the seller or other violator, but an indirect purchaser nevertheless is a purchaser. Ms. Young's son is not alleged to have purchased anything. Nor is he alleged to have done anything in commerce at all in relation to any misrepresentation or unfair business practice by Green Light. To the extent that this claim is asserted against Green Light by Ms. Young's son, rather than Ms. Young personally, the motion is **Granted**, and it is dismissed to this extent.

4.      *CPA Claim in Relation to the Particularity Requirement of Rule 9(b)*

Haviland argues that Count 2, as asserted against it, should be dismissed because Ms. Young failed to plead it with particularity under Rule 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."). Assuming without deciding that Rule 9(b) applies to the asserted CPA claim, the court declines to dismiss it based on any perceived lack of particularity.

> Rule 9(b) is a pleading standard—it is not a rule of dismissal.
>
> Courts infrequently dismiss for a failure to plead with sufficient particularity under Rule 9(b), at least not without providing an opportunity to replead. To impose such a drastic sanction for a pleading defect arguably is at odds with the liberal approach the federal rules as a whole take to the pleading phase of litigation and could lead to injustice.

5A A. Wright & Miller, Fed. Prac. & Proc. Civ. § 1296 (4th ed.) (footnotes omitted); see also *id*. ("Consequently, Rule 9(b) motions often yield no more than litigation delays or slightly amended complaints."). Haviland does not ask the court to order Ms. Young to replead. If Haviland truly believes that more particular pleading is necessary, it can request it under Rule 12(e) (more definite statement). Haviland's motion to dismiss Count 2 is **Denied.**

5.      *Count 3—Fraudulent Nondisclosure of Lead Contamination*

Haviland argues that insofar as its compliance with the federal lead disclosure requirements is demonstrated by the complaint itself, Ms. Young's fraudulent nondisclosure claim must be dismissed. The implication would seem to be that Counts 1 and 3 are necessarily coextensive. To the extent that Ms. Young's Count 3 is coextensive with her Count 1(a) claim, that part of Count 3 is dismissed for the same reasons Count 1(a) is. To the extent that Ms. Young's Count 3 claim is coextensive with her Count 1(b) claim, that part of Count 3 is dismissed as unnecessarily duplicative of Count 1(b). To the extent that Ms. Young's Count 3 is based on common law fraudulent nondisclosure rather than federal law, that part of Count 3 is

not dismissed. Ms. Young asserts that Haviland affirmatively knew that the house was contaminated with lead yet misrepresented in the seller's property information report that it had no such knowledge either way. Nothing in the complaint or its attachments demonstrated that Haviland ever disclosed that the house was contaminated with lead. That is sufficient for Rule 12(b)(6) purposes. Haviland's motion to dismiss Count 3 is **Granted in part and Denied in part**, and for the purposes of litigation it may continue consistent with this Order.

## ORDER

For the foregoing reasons outlined in this Decision:

(a) Ms. Young's motions to join and to amend are **Granted**;

(b) Green Light's motion to dismiss is **Granted** as to Count 1 (both (a) and 1(b)) and **Granted** as to whether Ms. Young's son is a proper plaintiff regarding Count 2 (the CPA claim);

(c) Haviland's motion to dismiss is **Granted** as to Count 1(a);

(d) Haviland's motion to dismiss is **Granted in part and Denied in part** as to Count 3, which Plaintiffs may maintain consistent with this Order; and

(e) Green Light's and Haviland's motions otherwise are **Denied**.

Defendants shall have 21 days from the date of this decision to complete any answers or counterclaims based on the amended complaint. The Court will then set this matter for a preliminary discovery conference.

Electronically signed on 4/7/2026 6:46 PM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge

7